**HOWELL v. GRAVES et al.**

CONVERSION—*Recovery where tort waived.*—Where defendant converts property of plaintiff to his own use, and plaintiff waives the tort and elects to sue on an implied promise, he can only recover the amount actually received by the defendant.

PRACTICE—*Where nature of action resembles form under old system.*—Where the action in its nature, under the Code of Practice, resembles the *form* of an action under the old system of practice, the law for the introduction of evidence and the giving of instructions to the jury under the old system, will ordinarily be observed.

<sup></sup>APPEAL FROM YELL CIRCUIT COURT.

HON. WILLIAM N. MAY, *Circuit Judge.*

*W. C. Ratcliffe and T. D. W. Yonley,* for Appellant.

We submit that the court érred in giving the second instruction of the plaintiffs, as the evidence clearly shows that the appellees were not partners, in respect to the transaction or cause of action upon which the instruction was based; See *Oliver vs. Gray,* 4 *Ark.,* 425; *Kent. Com. vol.* 3., *Sec.* 24; *Champion vs. Bostwick,* 18 *Wend.,* 175; *Louis vs. Marshall,* 12 *Cowen.,* 69; *Story on Partnership, Secs.* 27–29.

*A. H. Garland,* for Appellees.

There being some evidence to sustain the finding, the court will not interfere on the facts. *Rose Dig.,* 559, *new trial, sec.* 45.

That appellant should be held to account for the non-performance of his contract. See *U. S. vs. Kulle,* 9 *Wall.,* 83; 3 *Howard,* 578; 11. *Howard,* 162; 4 *Wall.,* 185; 2 *Parsons' Cont.* 636—675.

SEARLE, J.—Jacob Graves and Jonathan Shoemaker brought their action against John B. Howell, in the Yell Circuit Court, to the May term thereof, 1871, for the recovery of the value of certain cotton alleged, in their complaint, to

have been delivered by them to defendant to be by him sold at Little Rock, Arkansas, etc.; and also for the recovery of the value of certain bagging and ties alleged to have been delivered by them to him.

The defendant answered, setting up several matters in resistence of said demands.

The issues were tried by a jury and verdict and judgment rendered for the plaintiffs to the full extent of their demands.

The defendant moved for a new trial on the following grounds :

Because the verdict of the jury was contrary to the evidence.

Because the verdict was contrary to the instructions of the court ; and

Because the court improperly instructed the jury.

The motion was overruled ; to which defendant excepted and filed his bill of exceptions, setting forth all the evidence and the instructions of the court, and instructions asked to be given and refused, a transcript of which is before us as part of the record in the case.

It is scarcely necessary to notice the first and second grounds of the motion for a new trial. Our attention will be directed chiefly to the third.

It seems that in the fall of 1864, the plaintiffs picked and baled seven bales of the defendant's cotton, near Lewisburg, Arkansas, and received for their labor one undivided third thereof; that in the winter of 1864-5, they contracted with defendant to ship their said cotton to Little Rock; that defendant accordingly shipped it together with two other bales belonging entirely to them, to Little Rock, and placed it in the hands of one Tucker, as his own, to be by him shipped to some eastern market; that it was shipped to Memphis and Philadelphia and sold for less than it would have brought at Little Rock, and that defendant paid plaintiffs three hundred dollars upon their cotton. It was further in evidence (though the evidence on these points was very conflicting) that the plaintiffs, upon defendant's undertaking to ship their cotton,

instructed him to sell it at Little Rock, on his arrival there; that upon his return to Lewisburg and stating to the plaintiffs what he had done with their cotton, they disavowed his acts. At least these latter facts were found by the jury, which was competent for them to do from the conflicting evidence in relation thereto.

The defendant asked the following instruction : "If the defendant converted the property of the plaintiffs to his own use, and they have waived the tort, and elected to sue in assumpsit or on an implied promise, they can only recover the amount actually received by him, and if this amount has already been paid to them, the jury will find for the defendant;" which was refused; and in lieu thereof, the court gave the following instruction : "If the jury believe, from the evidence, that the plaintiffs were entitled to one-third of the proceeds of seven bales of cotton, and were the owners of two other bales of cotton, and that said cotton was placed in the hands of the defendant, as their agent, for shipment to Little Rock on the contract between the parties, that the said defendant should sell the same at Little Rock, and that the said defendant, in defiance and violation of said contract, shipped the cotton to another point, and by said violation of the contract, the plaintiffs were losers to the amount sued for, they must find for the plaintiffs."

The complaint alleges no conversion. After setting forth the value of the cotton, it simply, in effect, asks for a judgment for money had and received. The conversion which the evidence, though conflicting, seems to disclose, and which the jury found as the basis of their verdict, was waived. The plaintiffs, consequently, could only recover what the defendant actually received for the cotton, or what the cotton actually sold for. *Bowman vs. Browning*, 17 *Ark.* 600 ; *Hudson vs. Gilliland*, 25 *Ark.* 100 ; *Pratt vs. Cork*, 12 *Cal.* 90.

The complaint must be framed with precise reference to the specific remedy invoked, as prescribed in *Section* 101, *Code of Civil Practice : Smith vs. Knapp*, 30 *N. Y.* Where an

action in its nature, under our code system of practice, resembles any *form* of an action under the old system of practice, the law for the introduction of evidence, and proper to be given in instructions to the jury under the latter system, will, ordinarily, be observed in the former, though the code abolishes all forms of actions but one. In order to recover the value of the cotton when it should have been sold according to the instructions of the plaintiffs, the complaint should have alleged the conversion and asked a judgment for damages, and the measure of damages would have been the value of the cotton, ascertained by the jury, at the time of the conversion.

The court erred in relation to the above instructions, in giving the one and refusing the other.

As to the bagging and ties sued for, it appears from the evidence that the same were furnished the defendant by one of the plaintiffs alone; notwithstanding which, the court instructed the jury that "If they found the bagging and ties were furnished the defendant by the plaintiffs, or either of them, they will allow the plaintiffs the full value thereof."

This was certainly erroneous; the plaintiffs were not partners in, or joint owners of the bagging and ties. Plaintiff, Shoemaker, was sole owner of them. The joinder of the plaintiffs, therefore, for the recovery of the value thereof, was improper, and the court should have, instead of giving the last above mentioned instruction, ordered the complaint amended by striking out this cause of action.

For the errors above pointed out, the judgment of the court below must be reversed, and the cause remanded for a new trial, to be had according to law, and not inconsistent with this opinion.